■ In the Matter of DWYER'S INN, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under CPLR article 78 to annul respondent's determination, effective October 20, 1967, which cancelled petitioner's special on-premises liquor license on the ground that petitioner had suffered

or permitted prostitution on the licensed premises, in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Determination modified, on the law and in the exercise of discretion, by striking the dates of July 9, 12 and 13, 1966 and the words " and divers other occasions prior thereto " from the four numbered findings and by striking the following: " cancelled, effective on October 20, 1967 " from the first ordering paragraph and substituting therefor: " suspended, effective from October 20, 1967 until February 29, 1968 ". As so modified, determination confirmed, without costs. No questions of fact were considered. In our opinion, the findings of respondent's hearing officer pertaining to the alleged violations on July 9, 12 and 13, 1966, which findings were adopted by respondent, do not afford a rational basis for respondent's action. We conclude as a matter of law that subdivision 6 of section 106 of the Alcoholic Beverage Control Law was not violated on the aforesaid dates (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65). However, it was established that a single violation occurred on the evening of July 21–22, 1966 (see *Matter of Becker* v. *New York State Liq. Auth.*, 21 N Y 2d 289; cf. *Matter of Kerma Rest. Corp.* v. *State Liq. Auth.*, 21 N Y 2d 111). Nevertheless, we are of the opinion that the penalty of cancellation was excessive. Under all the circumstances the penalty should have been limited to a suspension of the license until February 29, 1968. This determination is not affected by events subsequent to the cancellation order, viz., the fact that the building in which the premises were located has since been razed. Christ, Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to confirm the determination and to dismiss the proceeding on the merits, with the following memorandum: The discretion of respondent was properly exercised under the circumstances of this case.